UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF STATE OF MICHIGAN
SOUTHERN DIVISION

LEMUEL BARNEY, and JACQUELINE BARNEY,

    Plaintiffs,

v

                                 Case No. 18-

HAPPY'S PIZZA ENTERPRISES, INC.
and HAPPY'S PIZZA,                       Hon.

    Defendants.

_____

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC
By:    JAMES R. ACHO (P 62175)
17436 College Parkway
Livonia, MI  48150
(734) 261-2400
jacho@cmda-law.com
Attorneys for Plaintiffs

_____

*There is no other pending or resolved civil action in existence between these parties or other parties arising out of the transaction or occurrence alleged in this Complaint.*

### VERIFIED COMPLAINT AND JURY DEMAND

**NOW COME** the Plaintiffs, LEMUEL BARNEY and JACQUELINE BARNEY, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., by JIM ACHO, and Complaining against the forenamed Defendants, posits as follows:

### PARTIES, JURISDICTION AND VENUE

1.    The Plaintiffs LEMUEL BARNEY and JACQUELINE BARNEY (also "the Plaintiffs") are African-American citizens of the United States and were residents of Commerce Township, in the County of Oakland and State of Michigan at the pertinent times.

00805344-1  1

2. Defendant HAPPY'S PIZZA ENTERPRISES, INC. is a Michigan corporation with its registered office address at 2745 Pontiac Lake Road, Waterford, Michigan and with Defendant HAPPY'S PIZZA as a franchise restaurant business and a place of public accommodation generally open to the public as defined by 42 U.S.C. §2000a(b) which conducts business in several localities in the State of Michigan, including at a 2163 N. Pontiac Trail, Commerce Township, MI 48390 address.

3. Jurisdiction belongs to this Honorable Court pursuant to 28 U.S.C. §1331 and §1343 which are applicable to federal questions posed by claims brought under 42 U.S.C. §2000e-5(f).

4. This Honorable Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. §1367 as codifies supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in *United Mine Workers of America v. Gibbs*, 383 US 715 (1966).

5. The amount in controversy exceeds $75,000 and venue is proper in the United States District Court for the Eastern District of Michigan as the locus within which the entirety of the events complained of transpired.

**GENERAL ALLEGATIONS**

6. The Plaintiffs reallege and incorporate by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

7. On Friday, November 2, 2018, at approximately 5:30 P.M., the Plaintiffs visited the Defendant's establishment in Commerce Township to order some food.

8. The Plaintiffs – who are African-American – were told by the Defendant's manager to drive to the Defendant's Southfield location to be served because they would be more at home there.

9. The Plaintiffs explained to the Defendant's manager that the Plaintiffs resided in Commerce Township, and to that extent, it was the closest and most convenient location for the Plaintiffs to be served.

10. The Defendant's manager nevertheless refused to serve the Plaintiffs and repeated that Plaintiffs should go to the Southfield location.

11. The Plaintiffs called the Commerce Township Police Department and reported the incident.

12. A Caucasian Commerce Township police officer drove out to the Defendant's establishment, where the Defendant's manager did not deny that the Plaintiffs had been refused service, but claimed that the refusal was because the establishment was being prepared for a corporate catering event. The officer told Plaintiffs he believed Plaintiffs were refused service solely on the basis of race.

13. African-Americans comprise 70% of the population in the City of Southfield, Oakland County, Michigan.

14. African-Americans comprise 2% of the population in the City of Commerce Township, Oakland County, Michigan.

**COUNT I**
**RACIAL DISCRIMINATION IN A PLACE OF PUBLIC**
**ACCOMMODATION IN VIOLATION OF 42 U.S.C. § 2000a**

15. The Plaintiffs reallege and incorporate by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

16. The Plaintiffs had and have a right to full and equal enjoyment of Defendant's business or restaurant establishment, a place of public accommodation generally open to the public.

17. The Plaintiffs were denied the foresaid right on the basis of their race as evidenced by the fact that they were told drive several miles to the Defendant's establishment located in a predominantly African-American city because they would feel more at home.

18. The Defendant's denial of the Plaintiffs' rights constitutes discrimination in violation of 42 U.S.C. §2000a.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs reallege and incorporate by reference all previous averments as though more fully set forth herein.

20. That Defendants, through its agents, exhibited outrageous conduct towards the Plaintiffs by refusing to serve them, and telling them to instead go to a predominantly African-American city.

21. That Defendant, through its agents, intended such conduct, or at the very least, acted recklessly towards the Plaintiffs by its conduct.

22. That the conduct of the Defendant was the direct and proximate cause of shame, humiliation, embarrassment, mental suffering and emotional distress endured by the Plaintiffs.

23. That as a result of the incident the Plaintiffs has in fact suffered and continues to suffer severe emotional distress and substantial anxiety.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT III
### DENIAL OF FULL AND EQUAL UTILIZATION OF PUBLIC ACCOMODATIONS AND PUBLIC SERVICE IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, Act 453 of 1976

24. The Plaintiffs reallege and incorporate by reference all previous averments as though more fully set forth herein.

25. The Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of race, color and national origin in places of public accommodation and services.

26. Under MCL 37.2301(a), a place of public accommodation includes a business entity, an entertainment facility or any institution of any kind "whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public."

27. The Defendant is a place of public accommodation, as defined.

28. The Defendant through its agent discriminated against the Plaintiffs, refused their money, refused to serve them food, and directed them to drive a substantial distance to a predominantly African-American city to be served.

29. By discriminating against the Plaintiffs, the Defendant violated the Elliott-Larsen Civil Rights.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

*VERIFIED STATEMENT: I verify that all of the allegations in this Complaint are true to the best of my recollection.*

/s/ Jacqueline Barney
JACQUELINE BARNEY

                Respectfully submitted,

                /s/ *James R. Acho*
                Cummings, McClorey, Davis & Acho, P.L.C.
                17436 College Parkway, Livonia, MI 48152
                (734) 261-2400
                Attorneys for Plaintiffs
                Email: jacho@cmda-law.com
Dated: November 12, 2018   P-62175

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF STATE OF MICHIGAN
## SOUTHERN DIVISION

LEMUEL BARNEY and JACQUELINE BARNEY,

    Plaintiffs,

                                                         Case No. 18-

v

                                                         Hon.

HAPPY'S PIZZA ENTERPRISES, INC.
and HAPPY'S PIZZA,

    Defendants.

_____

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC
By:    JAMES R. ACHO (P 62175)
17436 College Parkway
Livonia, MI  48150
(734) 261-2400
jacho@cmda-law.com
Attorneys for Plaintiffs

_____

## **JURY DEMAND**

        **NOW COME** the Plaintiffs, LEMUEL BARNEY and JACQUELINE BARNEY, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and hereby demands a trial by a jury of their peers.

                                              Respectfully submitted,

                                              /s/ *James R. Acho*
                                              Cummings, McClorey, Davis & Acho, P.L.C.
                                              17436 College Parkway
                                              Livonia, MI  48152
                                              (734) 261-2400
                                              Attorneys for Plaintiffs
                                              Email: jacho@cmda-law.com
                                              P-62175

Dated:  November 12, 2018